Case 1:11-cv-00324-LG-JMR   Document 1   Filed 08/19/11   Page 1 of 7



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG 19 2011
J. T. NOBLIN, CLERK
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**LIONEL J. ALEXANDER**                                          **PLAINTIFF**

**VERSUS**                                    CAUSE NO.: 1:11CV324LG-JMR

**BP, PLC; BP AMERICA PRODUCTION
COMPANY; BP PRODUCTS NORTH
AMERICA, INC.; BP EXPLORATION &
PRODUCTION, INC.; PARSONS SERVICES
COMPANY; PARSONS FACILITY SERVICES
COMPANY; PARSONS; TRANSOCEAN,
LTD.; TRANSOCEAN DEEPWATER, INC.;
TRANSOCEAN OFFSHORE DEEPWATER
DRILLING, INC.; "SYL", A MOTOR
VESSEL OPERATED IN THE MISSISSIPPI
SOUND; and DEFENDANTS X, Y and Z,
whose names and/or legal entities are otherwise
unknown at this time**                                          **DEFENDANTS**

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW Plaintiff LIONEL J. ALEXANDER, by and through his attorney, Jim Davis, and files this, his Complaint for relief, and states unto the Court the following to-wit:

### PARTIES

**I.**

Your Plaintiff, LIONEL J. ALEXANDER, is an adult resident citizen of the First Judicial District of Harrison County, Mississippi, and names as his Defendants the following:

    a.    BP, PLC, hereinafter also referred to as a "BP Entity", a foreign corporation doing business in the State of Mississippi;

    b.    BP AMERICA PRODUCTION COMPANY, hereinafter also referred to as a "BP Entity", a foreign corporation doing business in the State of Mississippi;

c. BP PRODUCTS NORTH AMERICA, INC., hereinafter also referred to as a "BP Entity", a foreign corporation doing business in the State of Mississippi;

d. BP EXPLORATION & PRODUCTIONS, INC., hereinafter also referred to as a "BP Entity", a foreign corporation doing business in the State of Mississippi;

e. PARSONS SERVICES COMPANY, hereinafter also referred to as "Parsons", a foreign corporation doing business in the State of Mississippi;

f. PARSONS FACILITY SERVICES COMPANY, hereinafter also referred to as "Parsons", a foreign corporation doing business in the State of Mississippi;

g. PARSONS, hereinafter also referred to as "Parsons", a foreign corporation doing business in the State of Mississippi;

h. TRANSOCEAN, LTD., hereinafter also referred to as a "Transocean Entity", a foreign corporation doing business in the State of Mississippi;

i. TRANSOCEAN DEEP WATER, INC., hereinafter also referred to as a "Transocean Entity", a foreign corporation doing business in the State of Mississippi;

j. TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., hereinafter also referred to as a "Transocean Entity", a foreign corporation doing business in the State of Mississippi; and

k. DEFENDANTS X, Y AND Z, whose names and/or legal entities are otherwise unknown at this time.

## JURISDICTION

The Court has jurisdiction due to the diversity of parties. See 28 U.S.C. §1332. The Plaintiff brings this complaint under federal law and therefore 28 U.S.C. §1331 applies. See *Jones Act* at 46 U.S.C. §30104(b).

## FACTS

### II.

Lionel J. Alexander was employed by all of the named defendants in the clean-up of the BP Deepwater Horizon oil spill and worked only in the Mississippi Sound.

### III.

The Plaintiff spent his entire work day on a boat pulling oil and oil barrels out of the water. He had to get his Merchant Marines and TWIC cards to allow him to perform this job.

### IV.

The Plaintiff worked daily on the waters of the Mississippi Sound.

### V.

The Plaintiff worked on motor vessel "SYL" that was clearly unseaworthy because the boat bounced up and down on the waves in the Mississippi Sound, causing Plaintiff to suffer a herniated disc that required a microdiscectomy on Plaintiff's L4 - 5.

### VI.

As all times alleged herein, any act of the motor vessel "SYL" or its crew was the clear act of the other named Defendants through the doctrine of *"respondent superior"*.

### VII.

The motor vessel "SYL" on which the Plaintiff worked was unsafe because it was not properly outfitted with the safety equipment and devices that would ensure the Plaintiff's safety and he was severely injured while working on this boat. The Defendants had a non-delegable duty to furnish Plaintiff with a safe place to work and they clearly failed to do so.

### VIII.

While on the motor vessel "SYL" the Plaintiff did perform all of his assigned duties in connection with the planned mission of the motor vessel "SYL" to pick up oil

from the Mississippi Sound. At all times, the Defendants operated and managed said vessel as a merchant vessel under the flag of the United States. At all times material hereto the Plaintiff went on daily voyages on the motor vessel "SYL" and performed his duties on the waters of the Mississippi Sound.

### IX.

At the time of his injury, the Plaintiff was making twenty-five ($25.00) dollars per hour and was averaging sixty (60) hours per week with forty (40) hours of regular pay and twenty (20) hours overtime.

### X.

As a direct and proximate result of the Defendants placing the Plaintiff on an unsafe vessel while he was in their employment, Plaintiff suffered injury to his back at the L4-5, requiring a microdiscectomy at the L4-5.

### XI.

The Plaintiff has incurred substantial medical bills, loss of wages presently, past and in the future, and a permanent disability and loss of function of his body.

### COUNT I

### JONES ACT

### XII.

Your Plaintiff incorporates herein Paragraphs I through X above and further states the Defendants are liable to the Plaintiff for his "*Jones Act*" claim, 46 U.S.C. § 30104.

### XIII.

At all times material hereto, the Defendants operated a vessel in the navigable waters of the United States and your Defendants failed to provide the following:

    a)    a reasonably safe place within which Plaintiff could work;

b) adequate safety procedures in the Plaintiff's workplace to prevent or minimize the possibility of physical injury;

c) proper maintenance of the motor vessel on which the Plaintiff was working so as to insure reasonably safe working conditions;

d) warning to the Plaintiff of these dangerous conditions that resulted in his injuries;

e) due care under the circumstances;

f) safety rules that would have prevented this type of injury to the Plaintiff; and

g) proper safety rules, and instruction and explanation on same for the Plaintiff so he could understand them and use them on a day to day basis to protect his back from injury.

### XIV.

The Plaintiff will detail his request for damages below.

### COUNT II

### ADMIRALTY CLAIM, MAINTENANCE AND CURE

This is an Admiralty and Maritime claim within the meaning of Rule 9H of the Federal Rules of Civil Procedure. Plaintiff claims the Defendants' *maintenance and cure* in such amount as may be determined by the Court on this cause of action.

### XV.

The Plaintiff re-alleges all numbered paragraphs above.

### XVI.

The Plaintiff, by virtue of his service on the Defendants' vessel, claims *maintenance and cure* for the period of his disability in an amount that the Court may

determine.

### XVII.

That all premises contained are true and within the Admiralty and Maritime jurisdiction of the United States and this Court.

### XVIII.

Damages will be detailed below.

## COUNT III

## GENERAL MARITIME LAW

### XIX.

Plaintiff incorporates and re-alleges all of the numbered Paragraphs above.

### XX.

Plaintiff claims he is entitled to relief against the Defendants under General Maritime Law for his injuries sustained and suffered while working in the Mississippi Sound for the Defendants named above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff herein, LIONEL J. ALEXANDER, requests the following damages, jointly and severally, from the Defendants, to-wit:

- a) general damages according to the proof;
- b) special damages of medical and related expenses according to the proof;
- c) lost earnings, past, present and the future, according to the proof;
- d) interest on all damages awarded according to law from the date of judgment until paid;
- e) costs of this action;
- f) such other relief that the Court may deem proper in the circumstances;

and

    g)    joint and several liability among all the named Defendants.

RESPECTFULLY SUBMITTED, this the __19__ day of __August__, 2011.

                                                  LIONEL J. ALEXANDER, Plaintiff

                              BY:   _/s/ Jim Davis_____
                                          JIM DAVIS
                                          Attorney for Plaintiff

JIM DAVIS
MSB #5830
1904 24th Avenue
P.O. Box 1839
Gulfport, MS 39502
Phone (228) 864-1588
FAX (228) 863-5008